Case 3:15-cv-03579-JD   Document 82   Filed 01/27/17   Page 1 of 8

1  Diane L. Webb (SBN 197851)
   Carole Vigne (SBN 251829)
2  LEGAL AID SOCIETY- EMPLOYMENT LAW CENTER
3  180 Montgomery Street, Suite 600
   San Francisco, CA 94104
4  Telephone:    (415) 864-8848
   Facsimile:    (415) 593-0096
5  Email:        dwebb@las-elc.org
                 cvigne@las-elc.org
6
   Aaron D. Kaufmann (SBN 148580)
7  David P. Pogrel (SBN 203787)
   Giselle Olmedo (SBN 294750)
8  LEONARD CARDER LLP
   1330 Broadway, Suite 1450
9  Oakland, CA 94612
10 Telephone:    (510) 272-0169
   Fax:          (510) 272-0174
11 Email:        akaufmann@leonardcarder.com
                 dpogrel@leonardcarder.com
12               golmedo@leonardcarder.com
13
   *Attorneys for Plaintiffs and the Proposed Class*
14

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| ANED LOPEZ and CRISTIAN ALAS, on Behalf of Themselves and Others Similarly Situated, | Case No.: 3:15-CV-03579-JD |
| | **[PROPOSED] ORDER GRANTING FINAL APPROVAL AND JUDGMENT** |
| Plaintiffs, | |
| v. | Date:    December 8, 2016<br>Time:    10:00 a.m.<br>Ctrm:    11, 19th Floor<br>Before:  Hon. James Donato |
| P.W. STEPHENS ENVIRONMENTAL, INC., a Delaware Corporation, and DOES 1-10 inclusive, | |
| Defendants. | |

[PROPOSED] ORDER GRANTING FINAL APPROVAL AND JUDGMENT

Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement ("Final Approval Motion"), which seeks an order granting final approval of Plaintiffs' settlement agreement and release with Defendant P.W. Stephens Environmental, Inc. ("Defendant") came on regularly for hearing before this Court on December 8, 2016.  Plaintiffs were represented by Carole Vigne, Esq., of the Legal Aid Society – Employment Law Center and Arron D. Kaufmann, Esq., of the law firm Leonard Carder, LLP and Defendant was represented by John E. Latten, Esq., of the law firm Fisher & Phillips LLP.  The Court having considered all the papers and the arguments made with respect to the Final Approval Motion, the settlement agreement, and having previously certified a settlement class by minute order and subsequent written order dated July 27, 2016 and August 10, 2016, respectively, hereby finds and orders as follows:

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions contained in the Stipulation and Class Action Settlement Agreement ("Agreement") attached as Exhibit 4 to the Declaration of Carole Vigne in Support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement [Dkt No. 64-5], and the subsequently filed Amendment to Stipulation and Class Action Settlement Agreement [Dkt. No. 67-1] (jointly, the "Agreement" or "Settlement") and all terms used in this Order shall have the same meaning as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and all matters relating thereto, and over all parties to the Lawsuit.

3. The Court confirms as final its preliminary certification in the August 10, 2016 Order Granting Preliminary Approval of Class and Collective Action Settlement ("August 10, 2016 Order"), as that term is defined in and by the terms of the Agreement.

4. The Court finds, for purpose of approving this Settlement only, that the Class satisfies the applicable standards under Fed. R. Civ. Proc. 23, and, in particular, the Court finds: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-

defined community of interest among members of the Class with respect to the subject matter of the Lawsuit; (c) the claims of the Class Representatives are typical of the claims of the other members of the Class; (d) the Class Representatives have fairly and adequately protected the interests of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as class counsel.

5. The Court confirms as final the appointment of Aned Lopez and Cristian Alas as Class Representatives.

6. The Court confirms as final the appointment of Plaintiffs' counsel, Leonard Carder, LLP and Legal Aid Society – Employment Law Center as Class Counsel.

7. The Court finds that the distribution of Class Notice Packages as provided for in the August 10, 2016 Order constituted the best notice practicable under the circumstances to all persons within the definitions of the Class, and fully met the requirements of due process under the United States Constitution with respect to those Class Members to whom Notice was mailed. Based on evidence and other material submitted in conjunction with the Settlement, the actual notices to Class Members were adequate and provided the best notice practicable under the circumstances. Notice to the Class was provided by U.S. Mail in accordance with the Court's Orders granting preliminary approval of the class action settlement. [Dkt. Nos. 69 and 75] The Notice: (a) fully and accurately informed Class Members about the Lawsuit and the settlement and the Agreement; (b) provided sufficient information so that the Class Members were able to decide whether to accept the benefits offered , opt out and pursue their own remedies, or object to the proposed settlement; (c) provided procedures for Class embers to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (d) provided the time, date and place of the final fairness hearing.

8. Pursuant to Fed. R. Civ. P. 23(e), this Court grants final approval to the Agreement and the Settlement set forth therein, and orders the parties to implement, and comply with, its terms. The Court finds that the Agreement and the Settlement set forth therein is fair, reasonable, and adequate in all respects, and that it is binding on all members of the Class. The

Court specifically finds that this Settlement affords substantial monetary and non-monetary relief to the Class, and is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation.  The Court further finds that the response of the Class to the Settlement supports final approval, in that no Class member has objected to or opted out from the proposed Settlement.

9. The Court finds that the Release Amount and other relief made available to the Class under the Agreement constitute fair value given in exchange for the Releases set forth in the Agreement and that the mechanisms and procdures by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate.  Release Amount payments shall be made according to those allocations and pursuant to the procedure set forth in the Agreement and this Order.

10. The Court appoints the California Rural Legal Assistance, Inc. as *cy pres* beneficiary as provided in the Agreement.  The Court finds the California Rural Legal Assistance, Inc. meets the test under *Dennis* v. *Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013), and that "there [is] a driving nexus between the plaintiff class and the *cy pres* beneficiaries."

11. The Released Parties for purposes of this Agreement include P.W. Stephens and all of its former or present parents, subsidiaries, affiliates, owners, partners, related organizations, predecessors or successors, agents, officers, directors, agents, employees and attorneys thereof.

12. Class Members' Release of Non-FLSA Claims:

On the Date of Finality, the Plaintiffs and each Class Member who has not validly opted out shall be bound by this Agreement.  In exchange for the consideration recited in this Agreement, each such Class Member and each Plaintiff, on behalf of themselves, and on behalf of all who claim by and through them, or in their stead, do hereby and forever release, acquit and discharge, and covenant not to sue any of the Released Parties from all causes of action, claims, liens, demands, damages, penalties, fines, wages, liquidated damages, restitutionary amounts,

attorneys' fees and costs, punitive damages, controversies and liabilities which were or could have been raised based on the facts, conduct, and/or omissions alleged in the operative Complaint, including but not limited to claims for: unpaid wages, including minimum wages, regular wages, overtime and double time wages; wages at promised rate of pay under California state law; liquidated damages under California state law; missed meal breaks; meal breaks premiums; reporting time pay; failure to reimburse business expenses waiting time penalties; failure to maintain accurate records, failure to provide accurate wage statements; PAGA penalties; and claims under the California Unfair Competition Law, Bus. & Prof. Code §17200 et seq., and predicated on the foregoing wage and hour violations as well as on any FLSA violation, during the Release Period.

13.     Release of FLSA Claims:

Each FLSA Collective Action Member who cashes a Settlement Check has effectively "Opted-In" to this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, thereby agreeing to become a party to the Action and this Agreement and bound by this Agreement.  Thus, each FLSA Collective Action Member, on behalf of themselves, and on behalf of all who claim by and through them, or in their stead, do hereby and forever release, acquit and discharge, and covenant not to sue the Released Parties from all causes of action, claims, liens, demands, damages, penalties, fines, wages, liquidated damages, restitutionary amounts, attorneys' fees and costs, punitive damages, controversies and liabilities which were alleged in the Lawsuit, including claims for (1) failure to pay minimum wage under the federal FLSA and (2) underpayment of overtime under the federal FLSA, during the Release Period against any Released Party based on and related to the facts alleged in the Complaint (referred to collectively as the "FLSA Released Claims").  The Settlement Checks shall contain simple FLSA opt-in and release language which can be easily understood by all Class Members, but no broader than the release described herein.

14.     General Release By Named Plaintiffs Only:

In addition to the releases made by the Plaintiffs and Class Members set forth in Paragraphs X(B)-(C) of the Agreement and in consideration for the Service Awards, Plaintiffs,

as of the Date of Finality, in their individual capacities for themselves, their heirs, executors, administrators, successors and assigns and with respect to their individual claims only, agree to release the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with their employment by and termination from Released Parties and any act or omission by or on the part of any of the Released Parties committed or omitted prior to the Date of Finality (the "General Release").  This total release includes, but is not limited to, all claims arising directly or indirectly from Plaintiffs' employment with Released Parties and the termination of that employment; claims or demands related to wages, bonuses, vacation pay, benefits and expense reimbursements pursuant to any federal, state or local law or cause of action, including, but not limited to, breach of contract, breach of the implied covenant of good faith and fair dealing, infliction of emotional harm, wrongful discharge, violation of public policy, defamation and impairment of economic opportunity; violation of the California Fair Employment and Housing Act, the California Labor Code, the California Constitution; and any claims for violation of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990 and any private attorney general action under the California Business & Professions Code §17200.

The General Release includes any unknown claims that Plaintiffs do not know or suspect to exist in their favor at the time of the General Release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement or the General Release.  With respect to the General Release, Plaintiffs stipulate and agree that, upon the Date of Finality, they shall be deemed to have, and by operation of the Court's Final Approval Order, shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

15. Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the General Release, but upon the Date of Finality, shall be deemed to have, and by operation of this Final Approval Order, shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Notwithstanding the above, the scope of the General Release provided to Released Parties by Plaintiffs does include any claims for disability, workers compensation, or unemployment benefits, or any claims that cannot be released as a matter of law.  This action is finally certified as a class action for settlement purposes only against Defendant on behalf of the Class as defined in the Agreement.

16. The Agreement submitted by the Parties is finally approved as fair, reasonable and in the best interests of the Class, and the parties are directed to consummate the Agreement in accordance with its terms.

17. The Lawsuit shall be deemed dismissed with prejudice within 7 days after the Date of Finality as part of the consideration for this Settlement, with the sole exception that the FLSA Claims of Class Members who are not also FLSA Collective Action Members are dismissed without prejudice.

18. Without affecting the finality of this judgment, the Court reserves exclusive and continuing jurisdiction over this Settlement for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Judgment.

19. Pursuant to a separate Order, Defendant shall pay an incentive award to each Class Representative as well as Class Counsel's attorneys' fees and costs.

**IT IS SO ORDERED**

Dated: Lcpwct{"49, 2019

**JAMES DONATO**
United States District Judge

*[APPROVED stamp signed by Judge James Donato]*