Diane L. Webb (SBN 197851)
Carole Vigne (SBN 251829)
LEGAL AID SOCIETY- EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 864-8848
Facsimile:   (415) 593-0096
Email: dwebb@las-elc.org
       cvigne@las-elc.org

Aaron D. Kaufmann (SBN 148580)
David P. Pogrel (SBN 203787)
Giselle Olmedo (SBN 294750)
LEONARD CARDER LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone:   (510) 272-0169
Fax:         (510) 272-0174
Email: akaufmann@leonardcarder.com
       dpogrel@leonardcarder.com
       golmedo@leonardcarder.com

*Attorneys for Plaintiffs and Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANED LOPEZ and CRISTIAN ALAS, on Behalf of Himself and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>P.W. STEPHENS ENVIRONMENTAL, INC., a Delaware Corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: **3:15-cv-03579-JD**<br><br>[PROPOSED] **ORDER APPROVING ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Date:       December 8, 2016<br>Time:       10:00 a.m.<br>Ctrm:       11, 19th Floor<br>Before:     Hon. James Donato |

On December 8, 2016, this Court heard Plaintiffs' Motion for Order Approving Attorneys' Fees, Expenses, and Class Representative Service Awards, at which Counsel for Plaintiffs and the settlement Class appeared.  Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court hereby grants Class Counsel's request for an award of $375,000 in attorneys' fees, $13,800 in litigation expenses, and an aggregate of $5,000 in class representative service payments to the two named Plaintiffs.

## I.  THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE AND IS APPROVED.

1. Plaintiffs request an award of $375,000 in attorney's fees for Class Counsel's work in this case. In a class settlement, courts may calculate an appropriate award of fees under the "lodestar" method or the "common fund" method, using either one as a cross check on the other. *Hanlon v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998) (courts have discretion to apply the "lodestar/multiplier" method to determine a reasonable attorneys' fee or as a crosscheck on the percentage fee calculation). Here, the requested fee award of $375,000 is reasonable under both methods.

2. Plaintiffs' fee request is reasonable and appropriate under the lodestar method.  The lodestar is the product of the reasonable hours expended times the reasonable hourly rate. "The court may then enhance the lodestar with a 'multiplier,' if necessary, to arrive at a reasonable fee." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 fn. 2 (9th Cir. 1994).

3. Class Counsel has presented evidence that they have devoted nearly 1,500 hours of time investigating, prosecuting and settling this case, and that all of these hours were necessarily and appropriately incurred.  Vigne Dec., ¶¶ 13-14; Kaufmann Dec., ¶¶ 4-6, 8-9.  This evidence reflects significantly fewer hours than what Counsel dedicated to the case, as it (1) reflects an across-the-board deduction of five-percent (5%) of all reported hours on the case in the interest of exercising billing judgment; (2) excludes timekeepers at each firm who recorded less than 25 hours on this matter as well as law students, fellows, and volunteer attorneys; and (3) excludes substantial hours yet to be incurred in securing final approval of this settlement and overseeing

1   implementation of the settlement (if approved). Vigne Dec., ¶¶ 13, 20; Kaufmann Dec., ¶¶ 7, 9, 11.

2   The Court finds that this amount of time spent resolving this case is reasonable and appropriate.

3         4.      The Court further finds that Class Counsel's hourly rates are reasonable in light of

4   their experience, and comparable to those of other class action attorneys with similar experience

5   and years of practice. Vigne Dec., ¶¶ 16, 18 & Exh. 1; Kaufmann Dec., ¶ 11.

6         5.      Class Counsel's collective lodestar as of July 30, 2016 is $704,530.50.  This

7   represents almost twice the $375,000 in fees requested for approval in this motion.

8         6.      Plaintiffs' request for approval of $375,000 is reasonable, as it represents

9   substantially less than Class Counsel's lodestar. Vigne Dec., ¶ 9; Kaufmann Dec., ¶ 11

10        7.      The Court also finds that Plaintiffs' fee request is reasonable and appropriate under

11  the common fund method. Under the common fund doctrine, "'a litigant or a lawyer who recovers

12  a common fund for the benefit of persons other than himself or his client is entitled to a reasonable

13  attorney's fee from the fund as a whole.'" *In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166,

14  1175 (S.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003); *Boeing*

15  *Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

16        8.      The typical range of acceptable attorneys' fees in the Ninth Circuit under the

17  common fund method is 20% to 33 1/3% of the total settlement value, with 25% considered the

18  benchmark. *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 271 (9th Cir. 1989) (citing

19  with approval benchmark of 25% and noting that common fund fee awards generally range from

20  20% to 30%); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (citing with approval

21  benchmark of 25%);

22        9.      Here, the requested fee award of $375,000 is supported by a percentage-of-the-fund

23  cross-check, as it constitutes only 25% of the total settlement fund of $1,500,000, which is

24  consistent with the benchmark in the Ninth Circuit.

25        10.     Likewise, Class Counsel's fee request is more modest than the fees awarded in other

26  cases in the Ninth Circuit.  The typical range of acceptable attorneys' fees in the Ninth Circuit

27  under this method is 20 to 33.3 percent of the total settlement value, with 25 percent considered the

28

1    benchmark. *Paul,* 886 F.3d at 271 (citing with approval benchmark of 25% and noting that

2    common fund fee awards generally range from 20% to 30%); *Powers*, 229 F.3d at 1256 (citing

3    with approval benchmark of 25%); *Bluetooth*, 654 F.3d at 942 ("courts typically calculate 25% of

4    the fund as the 'benchmark' for a reasonable fee award"); *Vasquez v. Coast Valley Roofing, Inc.*,

5    266 F.R.D. 482, 492 (E.D. Cal. 2010) (fee awards of 30-33% typical for wage and hour class

6    actions); *Rigo v. Kason Industries, Inc.*, 2013 WL 3761400, *7 (S.D. Cal., July 16, 2013)

7    (approving 30% fee award; noting that "in a study of 287 settlements ranging from less than $1

8    million to $450 million, "[t]he average attorney's fees percentage is shown as 31.71%, and the

9    median turns out to be one-third."); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D.

10   Cal. 1989) (noting that benchmark is 25% but also stating "nearly all common fund awards range

11   around 30%").

12       11.   Accordingly, the percentage-of-the-fund cross-check supports approval of the

13   requested fee award, as does the lodestar cross-check method. Accordingly, this Court finds that

14   Class Counsel's request for a fee award of $375,000 is reasonable and shall be granted.

15   **II.   CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF OUT-OF-POCKET**
16   **        EXPENSES IS REASONABLE AND IS APPROVED**

17       12.   Class Counsel attests that it has or will incur $13,800 in litigation costs and

18   associated expenses for items such as filing fees, deposition costs, mediator's fees, copying

19   charges, legal research charges, travel expenses, and delivery charges. *See* Vigne Dec., ¶ 21;

20   Kaufmann Dec., ¶ 10,12. Class Counsel further attests that all of these costs were relevant and

21   necessary to the litigation, reasonable in amount, and expended with no assurance that they would

22   be recovered. *Id.*

23       13.   The Court finds that expenditure of these costs was reasonable and approves

24   reimbursement of these costs to Class Counsel from the settlement fund. Fed.R.Civ.P. 23(h);

25   *see also Grove v. Wells Fargo Fin., Inc.,* 606 F.3d 577, 580 (9th Cir. 2010) (approving out-of-

26   pocket expenses as part of attorney fee award under a fee-shifting statute); *Covillo v. Specialtys*

27   *Café*, 2014 WL 954516, *7 (N.D. Cal., Mar. 6, 2014) ("Class counsel is also entitled to

28

- 3 -
[PROPOSED] ORDER APPROVING ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO. 3:15-cv-03579-JD

reimbursement of reasonable expenses.").

### III. PLAINTIFFS' REQUEST FOR CLASS REPRESENTATIVE SERVICE AWARDS IS REASONABLE

14. Plaintiffs seek class representative service awards of $4,000 to Plaintiff Lopez and $1,000 to Plaintiff Alas, for an aggregate payment of $5,000 from the settlement fund. In support of this request, the named Plaintiffs have tendered declarations to the Court variously describing the tasks they performed as representative plaintiffs in actively participating in assisting in the prosecution of this case., their service to the class, and the risks they undertook in placing their names on the Complaint and delay due to class action litigation, and their willingness to forgo their own individual action – and in the case of Plaintiff Lopez, to withdraw his Labor Commissioner wage claim for over $52,000, without waiting time penalties and interest, pending for over a year and a half at the time it was withdrawn. *See* Declaration of Aned Lopez ("Lopez Dec."); Declaration of Cristian Alas ("Alas Dec.").

~~15. The service awards that Plaintiffs seek are at the low end of the range of class representative awards approved by other federal judges in class actions. "Numerous courts in the Ninth Circuit and elsewhere have approved incentive awards of $20,000 or more where . . . the class representative has demonstrated a strong commitment to the class." *Garner v. State Farm Mut. Auto. Ins.*, No. CV 08-1365 CW (EMC), 2010 WL 1687832, at \*17 n.8 (N.D. Cal. Apr. 22, 2010) (collecting cases); *Kairy v. SuperShuttle Int'l, Inc.*, No. 3:08-cv-02993 JSW (Dkt. No. 405 at ¶ 15 quoting Garner, approving service awards ranging from $4,000 to $18,000 to 8 plaintiffs); *Gilmer v. A-C Transit*, No. 4:08-cv-05186 CW (N.D. Cal. 2012) (Dkt. No. 269 at 5:7-19 approving $10,000 service awards to each of the five plaintiffs); *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299-300 (N.D. Cal. 1995) (approving $50,000 to one named plaintiff). Accordingly, courts have found a service award of $5,000 to be "presumptively reasonable." *See Dyer v. Wells Fargo Bank N.A.*, 303 F.R.D. 326,335 (N.D. Cal. 2014) (*citing Harris v. Vector Mktg. Corp.*, No. 08-cv-5198 EMC, 2012 WL 381202, at \*7 (N.D. Cal. Feb. 6, 2012)).~~

~~16. The requested service awards are modest in light of the total value of the settlement.~~

- 4 -
[PROPOSED] ORDER APPROVING ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO. 3:15-cv-03579-JD

~~The aggregate amount of requested service awards ($5,000) is only 0.0033% of the total settlement value of $1,500,000. Vigne Dec., ¶ 10. Given the robust payouts class members are receiving — which will average $4,600 for workers who did not sign releases and $1,500 who did, these requested amounts are reasonable.~~

17. The Court finds the proposed class service representative payments are fair and reasonable, in recognition of the time and effort that the named Plaintiffs invested in assisting Class Counsel with the investigation, prosecution, and settlement of the case, as well as the risks they bore in serving as plaintiffs, and the service they rendered to the unnamed class members.

**IT IS HEREBY ORDERED** that:

1. The Court hereby grants Plaintiffs' request for an award of attorneys' fees of $375,000.

2. The Court hereby grants Plaintiffs' request for reimbursement of litigation costs and expenses in the amount of $13,800.

3. The Court hereby grants Plaintiffs' request for service awards in the amount of $4,000 to Plaintiff Lopez and $1,000 to Plaintiff Arias, for an aggregate service reward of $5,000.

3. The awarded attorneys' fees, costs, and class representative service payments shall be paid pursuant to the terms, conditions, and schedule set forth in the Agreement.

**IT IS SO ORDERED.**

DATE: January 29, 2017

APPROVED
Judge James Donato

_____
Hon. James Donato
UNITED STATES DISTRICT JUDGE

- 5 -

[PROPOSED] ORDER APPROVING ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO. 3:15-cv-03579-JD